# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# 9:18-CV-80411-ROSENBERG

THOMAS G. HINNERS,                    Bankruptcy Case No:
                                                       11-33802-PGH

      Appellant,

v.

NICOLE TESTA MEHDIPOUR,

      Appellee.
_____/

## OPINION AND ORDER

This matter is before the Court upon Appellant's Initial Brief [DE 12] in his appeal of the Bankruptcy Court's Order Reopening Case to Administer Additional Assets, Deferring Payment of Filing Fee, and Directing United States Trustee to Appoint a Trustee, entered on March 7, 2018. For the reasons set forth below, the Court construes Appellant's notice of appeal as a motion for leave to appeal the Bankruptcy Court's interlocutory order. The Court denies leave to appeal.

## I.     FACTUAL BACKGROUND

A group of creditors initiated an involuntary Chapter 7 bankruptcy case against Appellant in August 2011. *See* DE 6-3 at 234. Appellee was appointed the trustee. *See id.* at 235.

Appellant filed a Statement of Financial Affairs and an Amended Statement of Financial Affairs, which required him to list

> all businesses in which [he] was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which [he] owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*Id.* at 38, 43, 69, 74. Appellant listed, among other businesses, Florida Affordable Housing, Inc. *Id.* at 44, 75. He also filed a Schedule of Personal Property and an Amended Schedule of

Personal Property, which required him to identify "[s]tock and interests in incorporated and unincorporated businesses." *Id.* at 8-9, 55-56. He did not identify an interest in Florida Affordable Housing. *Id.* at 9, 56. During Appellant's March 2013 deposition, he testified that Florida Affordable Housing had no shareholders or owners because it was a nonprofit corporation. DE 6-5 at 15, 71, 123. The Bankruptcy Court entered a Final Decree in July 2016, and the case was closed. DE 6-1 at 9.

Appellee filed a Motion to Reopen Case to Administer Additional Assets in February 2018. DE 6-3 at 410-12. Appellee asserted that she recently had been notified that Appellant had failed to accurately disclose his interest in Florida Affordable Housing. *Id.* at 411. Appellant's son had filed a lawsuit against him and Florida Affordable Housing and had alleged in the complaint that Appellant was "a 50/50 owner and one-third Director" of Florida Affordable Housing. DE 6-5 at 212.

The Bankruptcy Court held a hearing on the motion to reopen the case on March 2, 2018, and granted the motion to reopen the case. *See* DE 6-3 at 420-21; DE 7. The Bankruptcy Court reasoned that there were material facts in dispute concerning "whether there is an ownership interest, whether it's an asset, whether [Appellant] has an asset that's worth any money that should be administered or should have been administered, whether [Appellee] knew about this asset, [and] whether [Appellee] was . . . ignorant because of false statements by [Appellant]." DE 7 at 12-13, 19. The Bankruptcy Court determined that those disputed facts necessitated an evidentiary hearing. *Id.* The Bankruptcy Court noted that it had not made a determination that there was an asset to administer. *Id.* at 19.

The Bankruptcy Court subsequently denied Appellant's motion for reconsideration. DE 6-3 at 422-27, 434-37. Appellant then filed his notice of appeal.

## II. STANDARD OF REVIEW AND JURISDICTION

A district court has jurisdiction to hear an appeal from a bankruptcy court's final judgment, order, or decree. 28 U.S.C. § 158(a)(1). A final order in a bankruptcy case "is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *In re Culton*, 111 F.3d 92, 93 (11th Cir. 1997). A district court may grant a party leave to appeal a bankruptcy court's interlocutory order. 28 U.S.C. § 158(a)(3); *see also Chrysler Fin. Corp. v. Powe*, 312 F.3d 1241, 1245-46 (11th Cir. 2002) (stating that a district court has discretion to entertain an interlocutory appeal in a bankruptcy case). A bankruptcy court's order reopening a case is an interlocutory order. *Hampton v. U.S. Dep't of Hous. & Urban Dev.*, 203 B.R. 750, 753-54 (M.D. Fla. 1996).

When determining whether to grant leave to appeal an interlocutory bankruptcy order, a district court may consider the standards in 28 U.S.C. § 1292(b) that govern an interlocutory appeal to a court of appeals. *In re Ashoka Enters., Inc.*, 156 B.R. 343, 346 (S.D. Fla. 1993). Under § 1292(b), an interlocutory appeal may be granted if the order being appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Interlocutory review is generally disfavored for its piecemeal effect on cases." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823 (S.D. Fla. 2007).

## III. DISCUSSION

Appellant states that the Bankruptcy Court's order reopening his bankruptcy case is a final order. He is incorrect. *See Hampton*, 203 B.R. at 753-54 (determining that an order reopening a bankruptcy case is an interlocutory order). Appellant did not move for leave to appeal the Bankruptcy Court's interlocutory order. *See* Fed. R. Bankr. P. 8004(a)(2) (stating that

a party must file a motion for leave to appeal an interlocutory order). This Court construes his notice of appeal as a motion for leave to appeal the order. *See* Fed. R. Bankr. P. 8004(d) (stating that, when a party fails to file a motion for leave to appeal, the district court may order the party to do so or may construe the notice of appeal as a motion for leave to appeal and either grant or deny the motion).

This Court exercises its discretion and denies leave to appeal in this instance. An interlocutory appeal from the Bankruptcy Court's order will not involve a controlling question of law. *See* 28 U.S.C. § 1292(b). The Bankruptcy Court reopened the case to resolve disputed material facts and noted that it had not made a determination that there is an asset that should be administered. A decision to reopen a bankruptcy case is within a bankruptcy court's sound discretion. *Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488, 493 (S.D. Fla. 2009). The parties may appeal after the Bankruptcy Court has resolved the disputed facts and rendered a final judgment. This approach avoids piecemeal appeals.

### IV. CONCLUSION

For the reasons set forth, Appellant's motion for leave to appeal, construed from his notice of appeal, is **DENIED**. This appeal is **DISMISSED**. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of November, 2018.

                                              ROBIN L. ROSENBERG
                                              UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record